UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>    Defendants. | Case No. 14-cv-04950-EDL<br><br>**ORDER WITHDRAWING GRANT OF APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 5 |

Plaintiff John Brosnan filed this complaint and application to proceed in forma pauperis ("IFP Application") on November 7, 2014. On November 17, 2014, this Court GRANTED Plaintiff's IFP Application. On December 12, 2014, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] For the reasons set forth below, the Court WITHDRAWS its order finding compliance with 28 U.S.C. § 1915 and directing the U.S. Marshal for the Northern District of California to serve Defendants in this case, and DISMISSES the complaint without prejudice.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." The court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action or that the action fails to state a claim on which relief

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

may be granted. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Neitzke v. Williams, 490 U.S. 319, 324 (1989).

On April 5, 2011, Plaintiff was sentenced to 40 months in custody, and three years of supervised release for violations of 18 U.S.C. §§ 1343, 1503, 1623(a), and 1028(A)(a)(1). (See United States of America v. Brosnan, 10-CR-68-WHA, Dkt. 170.) On August 11, 2014, Plaintiff's supervised release was modified to include the requirement that Plaintiff "shall seek the Court's permission in advance of filing any civil lawsuits, except for a collateral attack associated with this criminal case." (Id. Dkt. 302.) On December 10, 2014, summons was issued for Plaintiff to appear for a potential violation of the conditions of his supervised release due to the filing of this civil lawsuit. (Id. Dkt. 305.)

Plaintiff failed to inform this Court of this condition of his supervised release. Furthermore, there is no indication that Plaintiff received permission of the District Judge in his criminal case prior to filing this civil lawsuit. Consequently, the Court hereby WITHDRAWS its order finding compliance with 28 U.S.C. § 1915 and directing the U.S. Marshal for the Northern District of California to serve Defendants and DISMISSES this case without prejudice. Any amended complaint may only be filed with permission from the District Judge in Plaintiff's criminal case, United States of America v. Brosnan, 10-CR-68-WHA, and must be filed within two weeks of the District Judge's order granting Plaintiff said permission. A denial of permission to file this lawsuit by the District Judge shall have the effect of dismissing this case with prejudice.

**IT IS SO ORDERED**.

Dated: December 19, 2014

ELIZABETH D. LAPORTE
United States Magistrate Judge

2